DECISION AND JUDGMENT ENTRY
{¶ 1} Appellant, Ned A. Fairbanks II, appeals the judgment of the Wood County Court of Common Pleas which affirmed the decision of the village of Wayne Council to remove appellant from his position as village marshal/chief of police. For the reasons that follow, we affirm the trial court's judgment.
 {¶ 2} The relevant facts are as follows. On July 15, 2005, village of Wayne Mayor Janet Stoudinger advised the village of Wayne Council ("council") and appellant, by certified mail, that a hearing would be held on July 20, 2005, regarding Mayor Stoudinger's allegations that appellant was "dishonest, malfeasant, insubordinate, and neglectful of duty." The charges stemmed from a series of alleged incidents, detailed in the July 13, 2005 investigation report of Acting Chief Earl Morse and attached to the mayor's letter. The events began on April 18, 2005, when appellant followed Chris Hetrick to his home. Mr. Hetrick was parking his vehicle in the rear of the home and his wife, Heather Hetrick, was in the front yard. Appellant approached Mrs. Hetrick, in his police polo shirt, and informed her that he was a police officer; appellant told Mrs. Hetrick that her husband was having an affair. Appellant's wife also had conversations with Mrs. Hetrick regarding appellant's alleged affair with the same woman.
 {¶ 3} According to the investigation report, on May 19, 2005, appellant telephoned Mrs. Hetrick and informed her that her husband was at a bar with the woman at issue. Mrs. Hetrick, who was very agitated, left her home and proceeded to Wayne; she was stopped for speeding in nearby Bradner, Ohio. Mrs. Hetrick then called appellant on her cell phone; appellant arrived at the stop and convinced the Bradner officer to let her go with a warning. Appellant, during the events, told the Wayne police officer on duty to watch for Mr. Hetrick leaving the bar in his vehicle because he was "very intoxicated." Shortly thereafter, Mr. Hetrick was arrested for DUI. The arresting officer informed Acting Chief Morse that he felt that he had been "used" and that he "took himself off the June schedule" and had not worked as of the date of the report.
 {¶ 4} On July 20, 2005, the hearing on the mayor's charges was continued at the request of appellant's counsel. On August 17, 2005, during a regularly scheduled council meeting, a hearing was held following appellant's consent to and council's vote to go into executive session. During the hearing, the mayor and the acting chief testified and answered council's questions; they were also cross-examined by appellant's counsel. Council then came back into public session. A motion was made to remove appellant as Chief of Police for the village of Wayne; the motion was seconded. Council then unanimously voted to remove appellant from his position.
 {¶ 5} On August 26, 2005, appellant filed an appeal of council's decision in the Wood County Court of Common Pleas. Appellant asserted that his termination was in violation of R.C.121.22, the Open Meetings Act, and R.C. 737.171, which sets forth the procedure for the removal or suspension of a village marshal. Appellant also claimed that he had been denied due process of law in the matter.
 {¶ 6} A hearing was held on September 30, 2005;[1]
appellee presented the testimony of Mayor Stoudinger, Acting Police Chief Earl Morse, and council members Robert Harpster, Andrew Bradford, Sandra Tolbert, Craig Everett, and Jay Vandersall. Admitted into evidence was the July 15, 2005 memorandum by Mayor Stoudinger outlining her charges against appellant; the investigation report of Acting Chief Morse; an audiotape of the August 17, 2005 council meeting and the minutes of that meeting; and a police videotape of the initial stop of Mrs. Hetrick on May 19, 2005.
 {¶ 7} On December 5, 2005, the trial court affirmed the decision to terminate appellant's employment. This appeal followed.
 {¶ 8} On appeal, appellant raises the following five assignments of error:
 {¶ 9} "Assignment of Error No. 1.
 {¶ 10} "The trial court erred in not finding that the provisions of revised code § 737.171 were not followed by the procedure used by the appellee village of Wayne placing appellant under the initial suspension.
 {¶ 11} "Assignment of Error No. 2.
 {¶ 12} "The initial meeting of the village of Wayne in which the suspension of appellant was made was in violation of Revised Code § 121.22, the Ohio Sunshine Law.
 {¶ 13} "Assignment of Error No. 3.
 {¶ 14} "The trial court erred in not finding that the evidence presented at the August 17, 2005 council meeting was insufficient to suspend or remove appellant.
 {¶ 15} "Assignment of Error No. 4.
 {¶ 16} "The trial court erred in allowing hearsay testimony of the various witnesses at the trial de novo on November 30, 2005.
 {¶ 17} "Assignment of Error No. 5.
 {¶ 18} "The trial court erred in finding appellant had committed malfeasance in the course of his duties as village marshal."
 {¶ 19} At the outset we note that R.C. 2506.01 provides that the appeal of a final decision of an administrative body is made to the common pleas court. Reviewing the administrative appeal, "[t]he common pleas court considers the `whole record,' * * * and determines whether the administrative order is unconstitutional, illegal, arbitrary, capricious, unreasonable, or unsupported by the preponderance of substantial, reliable, and probative evidence." Henley v. Youngstown Bd. of Zoning Appeals,90 Ohio St.3d 142, 147, 2000-Ohio-493. The appellate court's standard of review is more limited in scope and requires the court to affirm the common pleas court's decision unless the decision is not supported by a preponderance of reliable, probative, and substantial evidence. Smith v. Granville Twp. Bd. of Trustees,81 Ohio St.3d 608, 613, 1998-Ohio-340, quoting Kisil v.Sandusky (1984), 12 Ohio St.3d 30, 34. Moreover, "[i]t is incumbent on the trial court to examine the evidence. Such is not the charge of the appellate court. The appellate court it to determine only if the trial court has abused its discretion."Lorain City Bd. of Edn. v. State Emp. Relations Bd. (1988),40 Ohio St.3d 257, 261.
 {¶ 20} In his first assignment of error, appellant contends that the trial court erred by not finding that the provisions under R.C. 737.171 were not followed by council when it initially suspended appellant. Specifically, appellant contends that the statute makes suspension available only after a hearing by the legislative authority on the charges filed by the mayor.
 {¶ 21} R.C. 737.171 provides:
 {¶ 22} "Except as provided in section 737.162 of the Revised Code, if the mayor of a village has reason to believe that a duly appointed marshal of the village has been guilty of incompetency, inefficiency, dishonesty, drunkenness, immoral conduct, insubordination, discourteous treatment of the public, neglect of duty, or any other acts of misfeasance, malfeasance, or nonfeasance in the performance of the marshal's official duty, the mayor shall file with the legislative authority of the village written charges against that person setting forth in detail the reason for the charges and immediately shall serve a true copy of the charges upon the person against whom they are ma,
 {¶ 23} "Charges filed under this section shall be heard at the next regular meeting of the legislative authority occurring not less than five days after the date those charges have been served on the person against whom they are made. The person against whom those charges are filed may appear in person and by counsel at the hearing, examine all witnesses, and answer all charges against that person.
 {¶ 24} At the conclusion of the hearing, the legislative authority may dismiss the charges, suspend the accused from office for not more than sixty days, or remove the accused from office."
 {¶ 25} In this case, appellant received notice of the charges in July 15, 2005. In accordance with R.C. 737.171, a hearing was scheduled at the next council meeting on July 20, 2005. At the meeting, appellant and his counsel requested that the hearing be postponed until the August 17, 2005 regular council meeting. At that meeting evidence was presented and appellant's counsel had the opportunity to question witnesses. At the conclusion of the evidence council voted to terminate appellant's employment. All these acts were done in accordance with R.C. 737.171.
 {¶ 26} According to the evidence, appellant was initially suspended, with pay, during the course of the mayor's investigation. Although this act was not in strict compliance with R.C. 737.171, we believe that it was not contrary to the purpose of the statute because appellant was paid during the period at issue. Accordingly, we find that appellant's first assignment of error is not well-taken.
 {¶ 27} In his second assignment of error appellant argues that the June 29, 2005 safety committee meeting, during which appellant was suspended, was held in violation of the Open Meetings Act of R.C. 121.22 (also known as the "Sunshine Law".) In particular, appellant contends that the meeting violated R.C.121.22(F) which provides:
 {¶ 28} "Every public body, by rule, shall establish a reasonable method whereby any person may determine the time and place of all regularly scheduled meetings and the time, place, and purpose of all special meetings. A public body shall not hold a special meeting unless it gives at least twenty-four hours' advance notice to the news media that have requested notification * * *."
 {¶ 29} According to the record before us, appellant was called to the meeting to discuss the use of all-terrain vehicles and golf carts in the village. At that time, appellant was questioned regarding information that had been gathered concerning the events of May 19, 2005. Thereafter, he was placed under a paid administrative suspension.
 {¶ 30} Reviewing the record, we note that it is not certain whether this was a regular or special safety committee meeting and whether, as appellant contends, the meeting was in executive session. What is undisputed is that appellant, and presumably the public, was not informed of the subject of the meeting. However, this does not conclusively establish that appellant has an actionable claim under R.C. 121.22.
 {¶ 31} R.C. 121.22(I)(1) provides that any person has standing to bring an action to enforce the provisions of the statute. Further, with regard to the individual seeking the injunction, under R.C. 121.22(I)(3) irreparable harm and prejudice are presumed upon proof of a violation. In this case, unlike the remedy of injunctive relief provided under R.C.121.22, appellant's appeal sought the reversal of the August 17, 2005 decision of the village of Wayne Council. Because the alleged harm did not occur at the June 29, 2005 meeting, and because appellant has not, to our satisfaction, shown a violation of R.C. 121.22, we must conclude that the common pleas court did not abuse its discretion when it failed to find that the safety committee meeting violated R.C. 121.22. Appellant's second assignment of error is not well-taken.
 {¶ 32} Appellant, in his third assignment of error argues that the trial court erred in not finding that the evidence presented at the August 17, 2005 council meeting was insufficient to suspend or remove appellant. Appellant appears to argue that the evidence regarding the police issued cell phone usage was not pursued by the mayor and should not have been presented at the September 30, 2005 hearing before the common pleas court.
 {¶ 33} In its December 5, 2005 decision, the common pleas court noted that "[w]hile not every allegation discussed in Morse's report has been conclusively established, there can be no question that Appellant's conduct was malfeasant." Upon review of the record before us, we cannot say that the trial court abused its discretion in making such a determination. What we believe had been established was that appellant while in uniform and on duty (although in his personal vehicle) followed Mr. Hetrick home and informed Mrs. Hetrick that her husband was having an affair. Appellant later informed Mrs. Hetrick that her husband was with the woman at a bar; Mrs. Hetrick hurried to catch her husband and was stopped for speeding. Appellant then used his status as village of Wayne Police Chief to prevent the Bradner officer from issuing a traffic citation. Appellant also used his position as police chief to have Mr. Hetrick stopped for DUI. While alerting a fellow officer to watch for an intoxicated driver is entirely proper; that officer indicated that he felt he was being used. Finally, there was evidence presented that appellant initially denied being at the traffic stop of Mrs. Hetrick until the police videotape was produced. Based on the foregoing, we find that appellant's third assignment of error is not well-taken.
 {¶ 34} In appellant's fourth assignment of error he contends that the common pleas court erred in allowing hearsay testimony at the November 30, 2005 hearing. Appellant argues, without making a specific reference to the transcript, that a major portion of the hearsay testimony came from Mayor Stoudinger and Acting Chief Morse. Appellee contends that the Ohio Rules of Evidence do not apply to the proceeding and that, in any event, appellant failed to object to the majority of the testimony and failed to make a continuing objection.
 {¶ 35} As noted by appellee, appellant did object to the following testimony of Mayor Stoudinger: "I had heard from other officers then other people in the community that Mrs. Hetrick had appeared at the local bar, had confronted Mr. Hetrick. He left there. Obviously, he was intoxicated, but our officers were waiting on him, and he was arrested." The objection was overruled and no further hearsay objections were made.
 {¶ 36} Although this statement may have been hearsay, we fail to see how it was prejudicial. The above testimony has not been disputed by appellant; in fact, appellant has maintained that, in accordance with his duties, he properly alerted a fellow officer that Mr. Hetrick was intoxicated. Further, appellant does not dispute that he contacted Mrs. Hetrick and told her where her husband was. Finally, because appellant failed to object to any additional alleged instances of hearsay we are precluded from review on appeal. Appellant's fourth assignment of error is not well-taken.
 {¶ 37} In appellant's fifth and final assignment or error he contends that the common pleas court erroneously found that appellant was malfeasant. Based upon our disposition of appellant's third assignment of error, we find that the trial court did not abuse its discretion when it found that appellant committed malfeasance. Accordingly, appellant's fifth assignment of error is not well-taken.
 {¶ 38} On consideration whereof, we find that substantial justice was done the party complaining and the judgment of the Wood County Court of Common Pleas is affirmed. Appellant is ordered to pay the costs of this appeal pursuant to App.R. 24. Judgment for the clerk's expense incurred in preparation of the record, fees allowed by law, and the fee for filing the appeal is awarded to Wood County.
Judgment affirmed.
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4.
Handwork, J. Pietrykowski, J. Parish, J. Concur.
[1] According to the common pleas court's December 5, 2005 decision, the hearing was held pursuant to R.C. 2506.03.